```
 1  COMP
    NIK SKRINJARIC, ESQ.
 2  State Bar No. 3605
    2500 N. Buffalo, Suite 150
 3  Las Vegas, Nevada 89128
    (702) 251-5000
 4  Attorney for Plaintiff
    NEVADA TITLE COMPANY
 5
```

FILED
SEP 1 4 30 PM '06

CLERK

## DISTRICT COURT

## CLARK COUNTY, NEVADA

NEVADA TITLE COMPANY, a Nevada corporation,

        Plaintiff,

vs.

LONNIE CHRISTENSEN, an individual; LONNIE CHRISTENSEN, INC., a permanently revoked Nevada corporation; PIONEER CITIZENS BANK OF NEVADA as successor to NEVADA STATE BANK, a Nevada corporation; UNITED STATES INTERNAL REVENUE SERVICE; LARRY L. BERTSCH, Court Appointed Trustee for Lonnie C. Christensen

        Defendants.

Case No: A527606
Dept. No:



Arbitration Exempt:
Equitable Relief
Statutory Relief

## COMPLAINT IN INTERPLEADER

PLAINTIFF NEVADA TITLE COMPANY, a Nevada corporation (hereinafter "NTC"), by and through its attorney, NIK SKRINJARIC, ESQ., for its Complaint against said Defendants, alleges as follows:

I.

### FIRST CLAIM FOR RELIEF

1.    NTC at all times mentioned was, and is, a corporation duly authorized and existing under and by virtue of the laws of the State of Nevada, and is authorized to do business as a title and escrow agent in the County of Clark, State of Nevada.

2. NTC is informed and believes, and on such information and belief alleges, that Defendant LONNIE CHRISTENSEN ("CHRISTENSEN") at all times was, and is, an individual residing in Clark County in the State of Nevada.

3. NTC is informed and believes, and on such information and belief alleges, that Defendant LONNIE CHRISTENSEN, INC. ("LCI") is a permanently revoked Nevada corporation.

4. NTC is informed and believes, and on such information and belief alleges, that Defendant PIONEER CITIZENS BANK is the successor to NEVADA STATE BANK and that the two entities were merged on October 14, 1999. NEVADA STATE BANK ("NSB") is a Nevada corporation conducting business within Clark County in the state of Nevada.

5. NTC is informed and believes, and on such information and belief alleges, that Defendant UNITED STATES INTERNAL REVENUE SERVICE ("IRS") is a government entity.

6. NTC is informed and believes, and on such information and belief alleges, that Defendant LARRY L. BERTSCH is the Court Appointed Trustee for Lonnie C. Christensen in Federal District Court Case no. CR-S-95-074-LDG.

7. On or about October 7, 1998 NTC acted as the escrow agent for escrow number 98-09-0829 JH. In connection with said transaction, Defendant LCI sold real property bearing APN# 162-30-701-020, commonly known as 5353 South Valley View Boulevard, Las Vegas, Nevada ("PROPERTY") to Arthur Goldstrom and/or his assignees. The transaction closed on October 7, 1998. A copy of the escrow instructions are attached hereto as Exhibit 1.

8. Defendant LCI was in an active bankruptcy action at the time of the sale. The transaction was conducted as a result of a Federal Bankruptcy Court order in case no. BK-S-98-25704 RCJ entered on October 6, 1999 as "Order Re: Application to Sell Property Free and Clear of Liens, Charges, Interests and Encumbrances and Pay Commissions" (Exhibit 2). NTC conducted the transaction as ordered by the Bankruptcy Court case no. BK-S-98-25704 RCJ.

9. During the course of the transaction, NTC requested a payoff from Defendant NSB who held a deed of trust on the Property. A dispute arose between LCI and NSB as to the actual amount of the payoff due to NSB. As a result of this dispute, NTC held $48,995.28 in the escrow. NSB instructed NTC to hold these funds in correspondence dated October 7, 1998 from its counsel (Exhibit 3). Counsel for LCI acknowledged the withheld funds by way of correspondence dated December 15, 1998 (Exhibit 4).

10. On December 8, 1998 the IRS made a demand on the funds held in escrow (Exhibit 5). The Bankruptcy Court dismissed LCI's bankruptcy on December 15, 1998 (Exhibit 6) but did order NTC to disburse a portion of the funds in order to close the transaction. On April 9, 1999 NTC received yet another demand on the funds from counsel on behalf of Defendant LARRY L. BERTSCH, Court Appointed Trustee in the underlying Federal Criminal case no. CR-S-95-074-LDG against CHRISTENSEN (Exhibit 7).

11. NTC never received an order from the court or any type of clear instruction on how to disburse the remaining funds. NTC currently holds $59,802.71 ("FUNDS") in this escrow file.

12. Under the circumstances NTC is unable to determine to whom said

FUNDS should be disbursed. NTC hereby requests the Court to instruct NTC how the FUNDS should be disbursed.

13. NTC neither has, nor claims, any interest in the FUNDS (except for the reimbursement of its fees, costs and expenses associated with these proceedings), and has at all times been willing to pay the FUNDS to such person or persons as may be legally entitled to receive the same. NTC hereby offers to bring the FUNDS into Court at such time, in such amount, and under such conditions as the Court may order and direct.

14. NTC has not colluded with any of the above named Defendants. NTC has brought this Complaint In Interpleader to avoid being harassed and subjected to double costs and liabilities.

15. It has been necessary for NTC to employ the services of an attorney to prosecute this action, and NTC is therefore entitled to an award of reasonable attorney's fees and costs incurred in connection herewith.

16. This action is brought pursuant to N.R.C.P. Rule 22, and N.R.S. 645A.177 as an Action in Interpleader.

**WHEREFORE**, NTC respectfully prays for judgment as follows:

1. That the Court require the Defendants to interplead in and adjucate their claims to the FUNDS;

2. That the Court enter its Order restraining the Defendants, their agents, employees and attorneys, from commencing any claims against NTC, or its agents, which involves the Funds;

3. That the Court authorize and direct NTC to pay into the Clerk of the Court such amount of the Funds as the Court may determine;

4. That the Court award NTC its' reasonable attorney's fees and costs of suit to be determined by the Court, and that said sum be paid out of the Funds; and

5. For such other and further relief as the Court may deem proper.

**DATED** this _7th_ day of August, 2006.

_____
NIK SKRINJARIC, ESQ.
State Bar No. 3605
2500 N. Buffalo, Suite 150
Las Vegas, Nevada  89128
Attorney for Plaintiff
NEVADA TITLE COMPANY